People v Andrews (2023 NY Slip Op 05085)

People v Andrews

2023 NY Slip Op 05085

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

727 KA 22-01167

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SCOTT J. ANDREWS, DEFENDANT-APPELLANT. 

MULLEN ASSOCIATES PLLC, BATH (ALAN P. REED OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered July 5, 2022. The judgment convicted defendant upon a jury verdict of falsifying business records in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the indictment is dismissed, and the matter is remitted to Steuben County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of falsifying business records in the first degree (Penal Law § 175.10). Defendant contends that the conviction is not supported by legally sufficient evidence. We agree. Although defendant correctly concedes that he failed to preserve that contention for our review, we exercise our power to review the issue as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Viewing the evidence in the light most favorable to the People, as we must, we conclude that a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt (see People v Contes , 60 NY2d 620, 621 [1983]).
"A person is guilty of falsifying business records in the first degree when [that person] commits the crime of falsifying business records in the second degree, and when [that person's] intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof" (Penal Law § 175.10). "A person is guilty of falsifying business records in the second degree when, with intent to defraud, [that person] . . . [m]akes or causes a false entry in the business records of an enterprise" (§ 175.05 [1]). County Court charged the jury that, as relevant, a business record is "any writing or article . . . kept or maintained by an enterprise for the purpose of evidencing or reflecting its condition or activity"
(§ 175.00 [2]).
Here, the prosecution failed to enter into evidence the business record purportedly falsified by defendant. Instead, to meet its burden, the prosecution relied on testimony from a county sheriff's office sergeant that, during the investigation into a shooting incident, he recorded his conversation with defendant in a report and the report became part of the business records for the sheriff's office. The sergeant as well as additional sheriff's deputies testified that defendant's version of events conflicted with the concurrent observations of defendant's gunshot wound by the members of the sheriff's office. The People's theory was that, by lying to the sergeant, defendant caused a false entry in the business records of the sheriff's office. The trial testimony established, however, that the sergeant's report was written to record the "condition or activity" of the sheriff's office's investigation into the shooting (Penal Law § 175.00 [2]). We conclude that there is no valid line of reasoning and permissible inferences from which a rational jury could have concluded beyond a reasonable doubt that the sergeant's report contained a false record of that investigation. Indeed, the sergeant testified that the report accurately documented [*2]defendant's responses to the sergeant's investigatory questions. Inasmuch as there is legally insufficient evidence that defendant "cause[d] a false entry in the business records" of the sheriff's office (§ 175.05 [1] [emphasis added]; see § 175.10), we reverse the judgment and dismiss the indictment.
In light of our conclusion, defendant's remaining contentions are academic.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court